Filed 9/3/24  P. v. Fields CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C099963 |
| Plaintiff and Respondent, | (Super. Ct. No. 22FE017936) |
| v. | |
| MARCHU KUMAR FIELDS, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Marchu Kumar Fields has asked this court to conduct an independent review of the record under *People v. Wende* (1979) 25 Cal.3d 436.  Finding no arguable error that would result in a disposition more favorable to Fields, we affirm the judgment.

BACKGROUND

Fields smashed a potted plant into the front window of the home of the victim, an 85-year-old man who lived in a retirement community.  The victim opened his front door, saw Fields, and asked him, "Why did you do that[?]"  Fields responded, "I'm gonna kill ya" and grabbed the victim.  Fields pushed the victim back into his home and knocked him down, causing the victim's head to hit the ground.  Fields straddled the victim's

1

chest and began choking him. The victim tried to fight off Fields and struggled to breathe, but the victim eventually went limp.

Fields got up, and the victim tried to get his phone to call for help. Fields grabbed the phone and threw it on the floor, breaking it. Fields then kicked the victim twice, kicked approximately four holes in the wall of the entryway, and left through the front door.

The victim crawled to the kitchen and retrieved his gun. He walked to the front door, where he saw Fields coming back up the walkway toward him. When Fields was between six and 10 feet away, the victim shot Fields one time. Fields fell and writhed on the ground, then got up and ran down the street before falling again behind a car.

The People charged Fields with attempted murder, first degree burglary, elder abuse, felony vandalism, and destroying or damaging a wireless device with the intent to prevent use of the device to notify law enforcement. The People also alleged as aggravating circumstances that the crime involved great violence, great bodily harm, threat of great bodily harm, or other acts disclosing a high degree of cruelty, viciousness, or callousness and that the victim was particularly vulnerable.

On the first day of trial, the parties presented a proposed negotiated plea agreement to the trial court pursuant to which Fields would plead no contest to first degree burglary and elder abuse and stipulate to a middle-term sentence of four years for burglary plus a concurrent lower-term sentence of 16 months for elder abuse. The trial court refused to accept the negotiated plea agreement.

The case proceeded to a jury trial. The jury found Fields guilty of first degree burglary, elder abuse, and misdemeanor vandalism but not guilty of attempted murder and destroying or damaging a wireless device with the intent to prevent use of the device to notify law enforcement. The jury found true the aggravating circumstance that the victim was particularly vulnerable as to both the burglary and the elder abuse and found that the elder abuse involved great violence, great bodily harm, threat of great bodily

2

harm, or other acts disclosing a high degree of cruelty, viciousness, or callousness. The trial court sentenced Fields to three years in prison, consisting of: the middle term of three years in prison for elder abuse; a concurrent lower-term sentence of two years in prison for burglary, which the court stayed pursuant to Penal Code section 654; and no additional time for the misdemeanor vandalism.

Fields timely appealed.

## DISCUSSION

Fields's appointed counsel has asked this court to conduct an independent review of the record to determine whether there are any arguable issues on appeal. (*People v. Wende*, *supra*, 25 Cal.3d 436.) Fields was advised by counsel of his right to file a supplemental brief within 30 days from the filing of the opening brief. We have not received any communication from him.

We have undertaken an examination of the record and conclude that there is no arguable error that would result in a disposition more favorable to Fields.

## DISPOSITION

The judgment is affirmed.


    /s/
FEINBERG, J.


We concur:


    /s/
HULL, Acting P. J.


    /s/
MAURO, J.


3